**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XINGUANG LI,

          Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 10-72296

Agency No. A089-685-547

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

     Petitioner Xinguang Li seeks review of the order of the Board of

Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of

asylum and withholding of removal under the Convention Against Torture

("CAT"). Substantial evidence supports the agency's adverse credibility finding;

we therefore deny the petition.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The IJ identified two bases for her adverse credibility finding: first, petitioner's uncorroborated work history; and second, inconsistencies about medical care petitioner claimed to have received. With respect to the work history, petitioner's testimony at the hearing as to the dates of his employment with Alpine Electronics was inconsistent with information in his declaration; in addition, petitioner had no evidence to corroborate his employment there other than an Alpine t-shirt. Petitioner also failed to submit evidence supporting his work history at US Mac. As for the claims about medical care, the IJ found that petitioner had not presented credible testimony about his injuries and visit to the hospital, based on a two-day gap between petitioner's alleged visit to the hospital and the date on the medical report, as well as the fact that petitioner had not mentioned visiting the hospital in his declaration.

The BIA agreed with the IJ's adverse credibility determination and affirmed the denial of asylum, stating that petitioner's explanations for the discrepancies the IJ identified were not reasonable. Substantial evidence supports that conclusion. Petitioner argues that he submitted the medical report with his application, but that he simply forgot to mention the hospital visit in his declaration. Even if that were a plausible explanation for the omission, the inconsistencies between the content of the medical report and petitioner's testimony remain. Nothing in the application

refers to a hospital visit on May 9, or to any medications prescribed. The evidence in the record does not compel the conclusion that the petitioner was testifying credibly.

Substantial evidence also supports the agency's finding that petitioner was not testifying credibly about his employment history. He did not present any corroborating evidence about his work history at US Mac. It is true that we stated, in a pre-REAL ID Act case, that a petitioner might be excused from providing employment records where they were not "'easily available' because [the petitioner's] employer had fired him." *Ge v. Ashcroft*, 367 F.3d 1121, 1127 (9th Cir. 2004). But petitioner's testimony that he was able to see his former employer at US Mac at any time, even after he was terminated, undermines the force of the analogy to *Ge*.

Finally, substantial evidence supports the denial of withholding of removal under the CAT. Because we uphold the adverse credibility finding, petitioner's CAT claim rests solely on the U.S. State Department country reports he submitted with his application. Those reports do not establish that petitioner would more likely than not be tortured in China. They mention that some labor activists have been detained, sentenced to reeducation through labor, or subject to surveillance or harassment. But they do not support an inference that petitioner would face the

"severe pain or suffering" that is a key hallmark of torture, as defined by the CAT itself and the relevant regulations and case law. *See* 8 C.F.R. § 208.18(a); *see also Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001).

**PETITION DENIED.**

4